BOYD, Justice,
dissenting.
The Court holds that, alone, voluntary discharge of debts in bankruptcy is not sufficient to reject a candidate for admission to The Florida Bar. And it maintains that G. W. L. is not rejected simply because he filed for discharge in bankruptcy. But, the Board of Bar Examiners’ refusal to recommend G. W. L.’s admission is upheld because the Court finds on the present state of the proceedings an indication of poor moral character and lack of fitness to practice law in view of G. W. L.’s conduct leading up to the proceedings in bankruptcy.
I am unable to draw the distinction the Court makes in this case. The bottom line of the Court’s decision is that G. W. L. may not be admitted now because of his avoidance of the repayment of federally insured student loans through his legal right to avail himself of the federal bankruptcy laws. Obviously, any American taxpayer is justified in resenting the use of the bankruptcy laws to avoid the indebtedness of federally insured student loans. But, to deny anyone admission on that basis presents for me two problems. The first one is it amounts to a denial of equal protection since the Board candidly admitted at oral argument that it does not consider voluntary bankruptcy by an out-of-state practitioner as a black mark on his fitness to practice when he seeks admission to The Florida Bar. For another, the decision is tantamount to disrespect for an act of the federal judicial system. Principles of comity demand that no adverse inferences be drawn from the federal decree of bankruptcy-
For the foregoing reasons I reluctantly dissent. I would admit G. W. L. to the Bar.
ADKINS, J., concurs.